JOHN W. BANKER, Plaintiff in Error, *vs.* GEORGE W. BRENT, Defendant in Error.

ERROR TO THE DISTRICT COURT OF RAMSEY COUNTY.

In an action for money had and received, to recover the surplus bid by a mortgagee upon a foreclosure by advertisement, over and above the amount actually due upon the obligation, (but within the amount stipulated to be paid as a *penalty* for non-payment after maturity.) *Held*, that the mortgagor could have enjoined the sale in equity, until the amount actually due could be ascertained, and had the mortgage cancelled as to the balance claimed to be due in the notice of sale; or could have had other appropriate equitable relief, depending upon the condition of the parties and the securities; but the action at law will not lie. *Bidwell vs. Whitney, ante page* 76—*affirmed.*

This case involved a re-argument of the main point decided in the case of *Bidwell vs. Whitney,* decided at the July Term, 1860, *ante p.* 76.

Points and authorities of the Plaintiff in Error :

*First.*—It is only by virtue of the power of sale contained in the mortgage, that the mortgagee has the right to foreclose under the Statute, *Comp. Stat. p.* 643, *Sec.* 1.

*Second.*—By express stipulation contained in, and forming part of the power, as well as by statute, the mortgagee in case of a sale is allowed to retain from the proceeds thereof *only the amount due* upon his mortgage, *and is required* to pay the *over plus* (if any) to the *mortgagor, his heirs or assigns. Comp. Stat. p.* 645, *Sec.* 13.

*Third.*—The mortgagee by express provision of Statute is *permitted* to purchase at the sale ; but as *purchaser* he acquires no more rights than would any other person making the same purchase, nor is he thereby relieved of any of his obligations as *mortgagee.* As *purchaser* he must pay the amount of his bid, and as *mortgagee* he must account to the mortgagor for every cent of it.

*Fourth.*—The premises were sold for more than *the amount due* on the mortgage, with costs, etc.

1. The clause in the note promising an increased rate of

interest (five per cent. per month after maturity,) is wholly void, or in the nature of a penalty to insure performance, *i. e.* payment of the amount due at maturity. *Mason & Craig vs. Callender, Flint & Co.,* 2 *Minn. R.* 350 ; *Masterson vs. Talcott,* 3 *Minn.* 339 ; *Whitney vs. Bidwell, ante p.* 76.

2. Whether such clause is regarded as a penalty, or as utterly void, is wholly immaterial ; in either case, the legal effect of the note is precisely the same as if it contained no such clause.

3. The penalty inserted in a contract for the payment of money, in no instance, furnishes any guide whatever for determining the damages, and is in no sense, the measure of compensation, in case of a breach of such contract ; nor will a Defendant be driven to a court of equity, nor to an equitable (or any) defence in an action at law upon such contract for the protection of his rights in this behalf. *Sedgwick on Damages, pages* 391 *to* 397 *inclusive, also p.* 423, *and cases there cited;* 1 *Burrill's Practice,* (2d *Ed.*) *p.* 371, *and cases there cited ; Comp. Stat. p.* 566, *Sec.* 73 ; *Rev. Stat. of Wis.* (*of* 1839) *p.* 208, *Secs.* 69 *and* 70 ; *Rev. Stat. of Wis.* (1849) *p.* 561, *Secs.* 4 *and* 5.

4. A payment of $300 had been made upon the mortgage, and the Plaintiff should certainly be allowed the benefit of it.

*Fifth.*—The notice of sale, under a power contained in a mortgage, is not in the nature of process issuing out of a court, in any sense whatever. It is no part of its office to bring the parties interested to submit to an adjudication or determination of their rights ; but like any other notice of the sale of property required by the Statute, its office is simply that of an advertisement, intended to draw attention of the public, in order that the property may be sold, if possible, for its full value.

Hence no laches can be imputed to a mortgagor for failing to attend at a sale, or to see that the notice is properly drawn or published ; and especially does it not lie in the mouth of the *mortgagee* to impute laches to the mortgagor, for failing to correct *him* in an *ex parte* proceeding which he takes at his peril, well knowing the limits of his power.

Banker v. Brent.

Points and authorities of Defendant in Error :

*First.*—The amount for which the mortgaged premises are alleged to have been bid off by the Defendant mortgagee did not exceed nor equal the amount due on the note by its terms at that time, and the maker of the note having made no objection to the collection of interest on the same according to its terms prior to, or pending the foreclosure of the mortgage, is barred from recovering by an action at law or otherwise, the amount or sum that he might have saved by objecting to, or enjoining the recovery or collection of interest on said notes, above the legal rate after due, pending the proceedings to collect.   *Whitney vs. Bidwell*, 4 *Minn.* 76 ; *Culbertson vs. Lennon*, 4 *Minn.* 51.

*Second.*—An assignee of a chose in action, has no greater right or claim than his assignors.

H. R. BIGELOW, Counsel for Plaintiff in Error.

SANBORN & LUND, and WM. SPRIGG HALL, Counsel for Defendant in Error.

*By the Court.*—ATWATER, J.   Error to the District Court of Ramsey County.   One Isaac A. Banker, on the 22d day of January, 1857, executed a mortgage upon certain property in said county, to secure a note of $2,000, bearing even date with said mortgage, and due one year from date, with interest at the rate of two and a half per cent. per month until maturity, and five per cent. per month after maturity till paid.   The first six months interest, ($300) was paid on the note.   The premises, after the giving and recording of the mortgage, were sold to the Plaintiff in Error.   The mortgage was afterwards foreclosed by advertisement under the Statute, and on the third of December, 1859, the premises were bid in at the sale by the mortgagee, for the sum of $3,758.   This sum was less than the amount due on the note, computing the interest at five per cent., but computing the interest at seven per cent., exceeded the amount due, by some eleven hundred and twenty-eight dollars, as claimed by the Plaintiff in error.   To recover this alleged surplus this action was brought.   The action was dis-

missed by the court below on the ground that the complaint showed no cause of action.

The questions involved in this case were fully discussed and adjudicated by this court in the case of *Whitney vs. Bidwell*, 4 *Minn. p.* 76. As the majority of this court still believe the views there expressed, correct, it is unnecessary here to reconsider them. As it seems however to be claimed, that the rule there laid down imposes a hardship on the mortgagor, it is proper in this connection to correct such an erroneous idea. The counsel for the Plaintiff in error urges on this point, that " if the property sell for less than the amount due, the unfortunate debtor must pay the balance; and is he not truly unfortunate, if, when it sells for more, he has no interest whatever in the overplus ?"

It might be a sufficient answer to the position of the counsel to say, that the court in its interpretation of the law, cannot ordinarily be influenced by the consideration of what its effect must be as applied to particular cases. But the premises assumed by the counsel are deemed to be incorrect, as according to the views expressed by the court in *Whitney vs. Bidwell*, above referred to, there is no overplus or surplus, on the sale of the mortgaged premises, in the case at bar. The mortgagee has received upon his note nothing more than he was authorized to by the maker, by his contract, a contract not in itself illegal, and which the mortgagee was justified in supposing the maker intended to fulfill, from the fact of his standing by and making no objection when the claim (by the legal notice) is directly made upon him, or brought to his attention. But if the party *wishes* relief from the contract he has entered into, this court has never intimated that he may not obtain it, by taking the proper steps to procure it, but directly the contrary, and so far is the rule laid down in the case above referred to, from imposing a hardship on the debtor, that it only requires him to use the ordinary diligence, in asserting his rights, demanded in other legal proceedings. But this court will not require the creditor in the first instance, to presume that the debtor does not intend to fulfill his contract, (not unauthorized by law) according to the terms of the same. Whether the rule adopted may be correct or otherwise as a matter of law,

it is difficult to understand how it can justly be claimed as working a hardship upon those affected by it.

The judgment below is affirmed.

*Chief Justice Emmett dissents.*